UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

NATHANAEL THOMPSON,

    **Defendant.**

Case No. 2:21-CR-173(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Nathanael Thompson's pro se Motion for New Trial Based on Newly-Discovered Evidence (ECF No. 201), Thompson's Motion for Reconsideration (ECF No. 209), and Thompson's Renewed Pro Se Motion, Motion to Reconsider, and Reply to Government Response (ECF No. 216). Thompson also filed several pro se evidentiary motions. (ECF Nos. 200, 212, 213.) For the reasons stated in this Opinion and Order, Thompson's motions are **DENIED**.

## BACKGROUND

This Opinion and Order incorporates the factual record and findings as described in its prior Opinion and Order denying Thompson's First Motion for a New Trial. (ECF No. 172.)

A grand jury indicted Thompson and another defendant, Sanam Ahmad, on charges of health care fraud for billing Ohio Medicaid for prescription omeprazole after dispensing another version of the same drug that was ineligible for reimbursement. (Indictment, ECF No. 1.) Following a February 2024 trial, a jury found Thompson and Ahmad guilty of one count each of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count I) and two counts

each of health care fraud in violation of 18 U.S.C. § 1347 (Counts II and III). (Jury Verdict, ECF No. 136.)

In March 2024, Thompson moved for a new trial on grounds of prosecutorial misconduct based on the Government's alleged misrepresentation of exhibits and misleading descriptions of certain drugs and, separately, because of ineffective assistance of counsel. (Thompson 1st Mot., ECF No. 141.) Ahmad also filed a Renewed Motion for Judgment of Acquittal and Motion for New Trial (Ahmad Mot., ECF No. 142.). The Court denied Thompson's and Ahmad's motions. (ECF 172.)

In August 2024, Thompson filed a Second Motion for a New Trial, arguing that in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the Government failed to disclose the criminal history of one of its witnesses, Halima Abukar, and, separately, that Abukar perjured herself at trial regarding her educational background. (ECF No. 175.) In addition to a new trial, he requested an evidentiary hearing or leave to obtain limited discovery to ascertain whether the Government was aware of Abukar's alleged criminal history. (*Id.*) The Court denied Thompson's Second Motion, holding that the Government did not suppress Abukar's criminal history record and that Thompson was not prejudiced by lacking it at trial. (ECF No. 191, PageID 2633–35.)

In November 2024, Thompson filed a pro se Motion for a New Trial Based on Newly-Discovered Evidence. (ECF No. 201.) In this third motion for a new trial, Thompson argues that he is entitled to a new trial because (1) Ahmad made false allegations against him in her sentencing memorandum, (2) the final Presentence Investigation Report (PSR) demonstrates prejudicial errors, (3) the PSR shows prosecutorial misconduct, and (4) his trial counsel was ineffective.

In December 2024, Thompson, through counsel, filed a Motion for Reconsideration regarding this Court's Opinion and Order denying Thompson's Second Motion for a New Trial.

(ECF No. 209.) In that Motion, Thompson argues (1) the Government did not demonstrate due diligence regarding Abukar's criminal history record, (2) newly obtained evidence of Abukar's criminal history demonstrate that it constituted prejudicial impeachment evidence. (*Id.*) He requests an evidentiary hearing about this evidence. (*Id.*, PageID 2947.)

And in January 2025, Thompson filed a Renewed Pro Se Motion, Motion to Reconsider, and Reply to Government Response. (ECF No. 216.) In this Renewed Motion, Thompson argues that he was prejudiced by the Government's failure to disclose Abukar's criminal history record at trial and that his trial counsel was ineffective for failing to discover Abukar's record. (*Id.*)

Thompson also filed several evidentiary motions. First, he filed a Motion to Admit Audio Recordings as Evidence. (ECF No. 200.) The transcript of these recordings, attached to Thompson's Pro Se Motion for a New Trial (ECF No. 201), purport to show conversations between Thompson and his co-defendant, Ahmad. (ECF No. 201-1.) Second, Thompson filed a Motion to Compel Production of Verification Records from RX30; Outcomes; Transaction Data Systems, Inc. (ECF No. 213.) Third, Thompson filed a sealed Motion for Evidentiary Hearing on Key Witness' Mental Records Investigation. (ECF No. 212.) In that Motion, Thompson seeks a hearing regarding whether the Government investigated Abukar's mental health history. (*Id.*)

The Government filed a Response in Opposition to the Defendant's Motion for Reconsideration and Pro Se Motions for a New Trial and to Admit Audio Recordings. (ECF No. 211.) Thompson filed a reply. (ECF No. 216.) The Government then filed a Response in Opposition to the Defendant's *Pro Se* Motions regarding Thompson's later motions. (ECF No. 220.) Thompson filed a reply. (ECF No. 222.)

**LEGAL STANDARD**

When a defendant moves for a new trial under Federal Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (cleaned up). Newly discovered evidence may serve as grounds for a new trial under Rule 33. *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012). "To prevail on a motion for a new trial based on newly discovered evidence, 'a defendant must show that the new evidence (1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal.'" *Id.* (quoting *United States v. Hanna*, 661 F.3d 271, 297 (6th Cir. 2011). "Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Hughes*, 505 F.3d 578, 592–93 (6th Cir. 2007) (quoting *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir. 1980)).

**ANALYSIS**

The Court first addresses the Motion for Reconsideration of its Opinion and Order denying Thompson's Second Motion for a New Trial. The Court then turns to Thompson's Pro Se Motion for a New Trial, Renewed Pro Se Motion for a New Trial, and the evidentiary motions.

I.  **Thompson's Motion for Reconsideration**

A district court has "inherent power to reconsider interlocutory orders," and "may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004) (citations omitted). In the Sixth Circuit, courts grant motions for reconsideration where there is "(1) an intervening change of controlling law; (2) new evidence

4

available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quotation omitted). To discourage the filing of endless motions for reconsideration and in the interest of "grant[ing] some measure of finality even to interlocutory orders . . . courts should grant motions for reconsideration sparingly" and "only if the prior decision appears clearly to be legally or factually erroneous." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-0745, 2009 WL 5066912, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.). Such motions are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Northeast Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (Marbley, J.). "This standard obviously vests significant discretion in district courts." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959, n.6 (6th Cir. 2004).

Thompson moves the Court to reconsider its holding that no *Brady* violation occurred regarding the criminal history record of Abukar, a witness who testified against Thompson at trial. (ECF No. 209, PageID 2943.) "A *Brady* violation requires three elements: (1) '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) 'th[e] evidence must have been suppressed by the State, either willfully or inadvertently'; and (3) 'prejudice must have ensued." *United States v. Rafidi*, 829 F.3d 437, 447 (6th Cir. 2016) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). The Government concedes the first element of the *Brady* claim, admitting that "Abukar has a criminal conviction and that such information would be favorable to the Defendant because it is impeaching." (ECF No. 211, PageID 2989.)

Thompson disputes the Court's determination that the Government did not suppress the evidence because it "acted reasonably and with due diligence in attempting to locate Abukar's

5

criminal history record." (ECF No. 173, PageID 2634; ECF No. 209, PageID 2943–44.) But nothing in the Motion for Reconsideration changes that conclusion. The Government has provided evidence that it requested Abukar's criminal history record from state investigatory officials. (*See* ECF No. 211, PageID 2988; ECF Nos. 177-1, 177-2.) As the Court previously determined, "It is enough that the Government demonstrated that traditional methods of searching for a witness's criminal history through official state agency partners turned up nothing." (ECF No. 191, PageID 2634.) Therefore, there was no clear error in the Court's holding that the Government did not suppress the criminal history evidence because it never possessed it.

Thompson also attempts to relitigate the Court's conclusion that he was not prejudiced by lacking information regarding Abukar's criminal history at trial. (ECF No. 209, PageID 2946.) He relies on "newly obtained evidence" regarding the details of Abukar's criminal history, including police reports prepared in a criminal case against a separate individual who collaborated with Abukar to steal goods and cash from Kroger, where Abukar worked. (ECF No. 209, PageID 2944–45.) "To prevail on a motion for a new trial based on newly discovered evidence, 'a defendant must show that the new evidence (1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal.'" *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012) (quoting *United States v. Hanna*, 661 F.3d 271, 297 (6th Cir. 2011).

Thompson fails to demonstrate why these reports could not have been obtained with reasonable diligence prior to trial—the "old news articles" that revealed Abukar's criminal history to Thompson were available before trial. (ECF No. 209, PageID 2944–45.) And Thompson fails to demonstrate prejudice because, as this Court previously determined, "[o]ther documentary and

6

testimonial evidence apart from Abukar's testimony overwhelmingly proved his guilt." (ECF No. 191, PageID 2635.) Thompson does not make new arguments to undermine that conclusion.

Accordingly, the Court's denial of Thompson's Second Motion for a New Trial was not clearly erroneous. The Court **DENIES** Thompson's Motion for Reconsideration. (ECF No. 209.)

## II. Thompson's Pro Se Motion for a New Trial (Third Motion for a New Trial)

Thompson's third motion for a new trial (ECF No. 209) fails for several reasons. First, Thompson refutes facts stated in Ahmad's sentencing memorandum and in the Defendant's final PSR. (ECF No. 201, PageID 2692–2732.) Those post-trial documents are used only for sentencing purposes and were not evidence used to prove his guilt at trial. Second, Thompson relies, in part, on a transcript of conversations between him and Ahmad. (*See id.*, PageID 2693–97.) He moves the Court to admit this evidence. (ECF No. 200.) In his reply, Thompson argues, without elaborating, that he "could not introduce recordings during his trial" because of the U.S. Supreme Court's holding in *Bruton v. United States*, 391 U.S. 123 (1968). (ECF No. 216, PageID 3122, 3136.) Regardless, even if the statements were possibly admissible, Thompson does not explain why he could not raise these arguments in his first two motions for a new trial.

Third, Thompson's arguments unrelated to evidence that he claims is newly discovered are untimely and not the result of excusable neglect. Under Rule 33(b)(2) of the Federal Rules of Criminal Procedure, motions for a new trial based on arguments other than newly discovered evidence "must be filed within 14 days after the verdict or finding of guilty." The jury convicted Thompson on February 27, 2024. (ECF No. 136.) Thompson filed this motion on November 25, 2024, and did not obtain leave of Court to do so. (ECF No. 201.) Accordingly, to the extent Thompson raises arguments about misstatements in Ahmad's sentencing memorandum, prosecutorial misconduct, and ineffective assistance of counsel that do not relate to allegedly

7

newly discovered evidence, his Motion for a New Trial is untimely. The Court also finds that the untimely filing is not the result of excusable neglect because the evidence he relies on was available for months before he filed the Motion, and his arguments could have been raised in prior post-trial filings. *See United States v. Munoz*, 605 F.3d 359, 369 (6th Cir. 2010) (explaining the excusable neglect exception to Rule 33's 14-day time limit); *see United States v. Flynn*, 196 F.3d 927, 932 (8th Cir. 1999) ("[A]dditional grounds for relief raised after a timely-filed motion are procedurally barred." (citing *United States v. Holt*, 170 F.3d 698, 702–03 (7th Cir. 1999)).

Accordingly, Thompson's Motion to Admit Audio Recordings as Evidence is **DENIED** (ECF No. 200) and Thompson's Motion for a New Trial Based on Newly-Discovered Evidence is **DENIED**. (ECF No. 201.)

### III. Thompson's Renewed Pro Se Motion and Motion to Reconsider

The Court construes Thompson's Renewed Pro Se Motion and Motion for Reconsideration (ECF No. 216) as a fourth motion for new trial. In this motion, Thompson restates arguments made previously in motions filed pro se and motions filed through counsel, including the *Brady* argument regarding Abukar's criminal record. (*See id.* PageID 3106–20.) Thompson's arguments regarding the Government's obligation to discover and disclose the evidence and the prejudicial effect of the evidence are cumulative of prior arguments already rejected by this Court in this Opinion and Order and in the Court's Opinion and Order denying Thompson's Second Motion for a New Trial. (*See* ECF No. 191.) Similarly, as with his third motion for a new trial, Thompson does not demonstrate excusable neglect for the untimely filing of this fourth motion for a new trial. Accordingly, the Court **DENIES** Thompson's Renewed Pro Se Motion and Motion for Reconsideration (ECF No. 216.)

Additionally, around the time Thompson filed his fourth motion for a new trial, Thompson moved the Court for an evidentiary hearing regarding newly discovered evidence of Abukar's mental health history records. (ECF No. 212.) But Thompson's arguments mirror those made in various motions for a new trial regarding Abukar's criminal history record. And Thompson fails to explain why these arguments could not have been raised in any of his first three motions for a new trial. In fact, Thompson acknowledges that his defense counsel discussed Abukar's mental health history with Thompson during trial, further undermining his claim that the evidence is newly discovered. (ECF No. 212, PageID 2999–3000.) The motion is untimely and cumulative of previous arguments rejected by this Court.

Furthermore, Thompson's ineffective assistance of counsel claim, stated in the alternative to his motion for an evidentiary hearing, fails because his arguments relate to mere strategic disagreements between the defendant and his counsel. (ECF No. 212, PageID 3006); *see Stalnaker v. Bobby*, 589 F. Supp. 2d 905, 928–29 (N.D. Ohio 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 689–90 (1984)). Thompson's Motion for Evidentiary Hearing on Key Witness' Mental Records Investigation is **DENIED**. (ECF No. 212.)

IV. **Motion to Compel**

Last, Thompson moves the Court under Rule 17(c) of the Federal Rules of Criminal Procedure to compel "RX30; Outcomes; [and] Transaction Data Systems, Inc." to produce verification records regarding his pharmacies' pharmaceutical claims. (ECF No. 213.) Specifically, he requests information regarding the volume of paid claims, rejected claims, and reversed claims for omeprazole by his pharmacies between April 2017 and August 2021. (*Id.*, PageID 3092–93.) Thompson argues that the information is relevant to his sentencing and that the information is not otherwise obtainable. (*Id.*, PageID 3094.)

9

Thompson has not made the showing necessary for the Court to compel the production of the requested evidence Rule 17(c) provides, "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1).

Applying Rule 17(c), the U.S. Supreme Court has held:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). The Court applies these factors to Thompson's motion to compel for sentencing purposes.

Evidence of Thompson's RX30 pharmaceutical claims data was admitted into evidence at trial and was provided to Thompson in advance of trial as discovery, both in the form of data processed by the Government and data taken from his pharmacies' own computer systems. (*See, e.g.*, Transcripts, ECF No. 149, PageID 1173–80; 1283–1313; ECF No. 151, PageID 1798–1859.) To the extent the evidence is not already in his possession, Thompson has not shown why he could not reasonably procure the requested evidence in advance of trial and why, just weeks before sentencing, he moves the Court to compel the production of this evidence for the first time. The Court **DENIES** Thompson's Motion to Compel. (ECF No. 213.)

## CONCLUSION

The Court **DENIES** Thompson's following motions: Motion to Admit Audio Recordings as Evidence (ECF No. 200); Motion for New Trial Based on Newly-Discovered Evidence (ECF

10

No. 201); Motion for Reconsideration re Order on Motion for New Trial (ECF No. 209); Sealed Motion for Evidentiary Hearing on Key Witness' Mental Health Records Investigation (ECF No. 212); Motion to Compel Production of Verification Records from RX30; Outcomes; Transaction Data Systems, Inc. (ECF No. 213); and Renewed Pro Se Motion, Motion to Reconsider, and Reply to Government Response (ECF No. 216).

Per the Court's Order given to Thompson at the motion hearing on January 29, 2025, Thompson is **ORDERED** to seek leave of Court before filing any additional motions in this matter. Thompson is scheduled to be sentenced on February 19, 2025.

**IT IS SO ORDERED**.

**2/12/2025**                                                 s/Edmund A. Sargus, Jr.
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                                             **UNITED STATES DISTRICT JUDGE**